O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONT ELKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 5:17-cv-00248-KES<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Mont Elkins ("Plaintiff") appeals the final decision of the Social Security Commissioner denying his application for Supplemental Security Income disability benefits ("SSI"). For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**I.**

**BACKGROUND**

Plaintiff filed his SSI application on November 25, 2013, alleging a disability onset date of November 1, 2009. Administrative Record ("AR") 149. The Commissioner denied the claims initially and again on reconsideration. AR 12. In April 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 107. An ALJ conducted a hearing on October 1, 2015, at which

1

Plaintiff, who was represented by an attorney, appeared and testified. AR 28-68. The ALJ issued an unfavorable decision on January 15, 2016. AR 9-27.

The ALJ found that Plaintiff suffers from the severe impairments of degenerative changes in the lumbar spine with radiculitis, history of right shoulder surgery, bilateral tarsal tunnel syndrome, asthma, and a "mood disorder." AR 14. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with some additional exertional restrictions. AR 16. Because of Plaintiff's "mood disorder," the ALJ limited Plaintiff's potential work to "non-public, simple, and routine tasks." Id.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could not perform his past relevant work. AR 21. Plaintiff could, however, work as a packer, sorter, or bench assembler. AR 22. The ALJ therefore concluded that Plaintiff was not disabled. Id.

## II.

## PROCEDURES AND STANDARDS

### A. The Evaluation of Disability.

A person is "disabled" for purposes of receiving Social Security benefits if he is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

### B. The Five-Step Evaluation Process.

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner

1 | must determine whether the claimant is currently engaged in substantial gainful
2 | activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R.
3 | §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

4 | If the claimant is not engaged in substantial gainful activity, the second step
5 | requires the Commissioner to determine whether the claimant has a "severe"
6 | impairment or combination of impairments significantly limiting his ability to do
7 | basic work activities; if not, the claimant is not disabled and the claim must be
8 | denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

9 | If the claimant has a "severe" impairment or combination of impairments, the
10 | third step requires the Commissioner to determine whether the impairment or
11 | combination of impairments meets or equals an impairment in the Listing of
12 | Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if
13 | so, disability is conclusively presumed and benefits are awarded. Id.
14 | §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

15 | If the claimant's impairment or combination of impairments does not meet or
16 | equal an impairment in the Listing, the fourth step requires the Commissioner to
17 | determine whether the claimant has sufficient residual functional capacity to
18 | perform his past work; if so, the claimant is not disabled and the claim must be
19 | denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden
20 | of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If
21 | the claimant meets that burden, a prima facie case of disability is established. Id.

22 | If that happens or if the claimant has no past relevant work, the
23 | Commissioner then bears the burden of establishing that the claimant is not
24 | disabled because he can perform other substantial gainful work available in the
25 | national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That
26 | determination comprises the fifth and final step in the sequential analysis. Id.
27 | §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.
28 |

C. **Standard of Review.**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

**III.**

**ISSUE PRESENTED**

Plaintiff's appeal presents the sole issue of whether the ALJ properly evaluated the opinions of consultative psychiatric examiner, Dr. Nenita Belen. (Dkt. 23, Joint Stipulation ("JS") at 4.)

///

Dr. Belen examined Plaintiff in November 2015. AR 1034-38. She took a patient history, administered a mental status examination, diagnosed Plaintiff's mental impairments, and rendered opinions concerning his functional abilities. Id. Dr. Belen found that Plaintiff had various "mild" difficulties, including in "completing a normal workday or work week due to [his] mental condition," and two "moderate" difficulties: (1) maintaining composure and even temperament, and (2) maintaining social functioning. Id. at 1037. The ALJ summarized Dr. Belen's report and concluded, "I concur with Dr. Belen's assessment and have incorporated it into the [RFC] found herein." AR 19-20.

On appeal, Plaintiff contends that "the ALJ's limitation to non-public, simple and routine tasks does not take into account … the moderate difficulty in maintaining composure and even temperament" or the "mild limitations … with respect to completing a workday or work week or handling the stressors of usual employment." (JS at 6-7.) The Commissioner counters that Plaintiff cannot establish reversible error by pointing only to the ALJ's "failure to incorporate some additional, unidentified mental limitation into the RFC …." (Id. at 10.)

## IV.

## DISCUSSION

### A. Rules for Weighing Conflicting Medical Evidence and Determining the Claimant's RFC.

There are three types of physicians who may offer opinions in Social Security cases: (1) those who directly treated the plaintiff, (2) those who examined but did not treat the plaintiff, such as Dr. Belen, and (3) those who did not treat or examine the plaintiff. See 20 C.F.R. § 416.927(c); Lester, 81 F.3d at 830. A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-

treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick, 157 F.3d at 725); Lester, 81 F.3d at 830-31 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983)).

A claimant's RFC is the most that claimant can still do despite his or her limitations, and is based on all the relevant evidence in the case record. 20 C.F.R. § 416.945(a); Social Security Ruling ("SSR") 96-8. In making the RFC determination, the ALJ takes into account those limitations for which there is record support. Batson v. Comm'r, 359 F.3d 1190, 1197-98 (9th Cir. 2003).

"The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." Ly v. Colvin, 13-cv-1241, 2014 U.S. Dist. LEXIS 135826, at *33 (E.D. Cal. Sep. 24, 2014). The RFC need not parrot the opinion of any particular doctor, but rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r of SSA, 807 F.3d 996, 1006 (9th Cir. 2015); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (discussing the ALJ's role in weighing conflicting medical evidence and translating accepted medical opinions into "concrete restrictions"). Where, for example, a credited medical source opines that the claimant has "mild" or "moderate" difficulties with social interactions, the ALJ must decide whether the RFC should specify that the claimant can perform jobs requiring no, occasional, or frequent contact with members of the public and/or co-workers. Where a credited medical source opines that the claimant has "mild" or "moderate" difficulties maintaining concentration or pace, the ALJ must decide whether the RFC should specify that the claimant can perform work if the reasoning level and/or skill level of the work is low (i.e., "simple" work), if the work environment is "routine" (as opposed to high-stress or fast-paced), if the claimant is permitted to take breaks of specified frequency and duration, etc. Stubbs-Danielson, 539 F.3d at 1174 (holding an RFC of "simple, routine, repetitive

sedentary work" adequately captures "moderate" deficiencies in pace).

The ALJ's translation of the medical evidence into concrete functional assessments should be affirmed if the ALJ "applied the proper legal standard and his decision is supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (citing Morgan v. Comm'r of the SSA, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")).

**B.     The RFC Reasonably Accounts for Plaintiff's Moderate Difficulty in Maintaining Composure.**

In discussing Plaintiff's anger management issues, Dr. Belen noted that Plaintiff has a history of "being involved in fights and assaults." AR 1034. When asked about this, Plaintiff explained that "he cannot stand people and he has difficulty dealing with them." AR 1034-35. Thus, Dr. Belen found that social interactions are the stressors that cause Plaintiff to have difficulty maintaining his composure and even temperament. Consistent with this finding, the RFC limits Plaintiff's job-related social interactions by limiting him to non-public work. AR 16.

Plaintiff has failed to explain how the limitation to non-public work fails to account for his moderate difficulty maintaining composure. He has also failed to suggest what additional limitation the ALJ should have incorporated into the RFC that would have adequately accounted for this difficulty. The ALJ expressly noted Dr. Belen's finding that Plaintiff has moderate difficulty maintaining composure. AR 19. Plaintiff's position appears to be that the ALJ was required to explain how the RFC accounts for that opinion. In fact, while ALJs are required to give specific, legitimate reasons for rejecting relevant medical opinions, they are not required to explain how they translated each relevant medical opinion into an RFC determination. See Estep v. Colvin, 15-cv-2647-CKD, 2016 U.S. Dist. LEXIS 163699, at *27 (E.D. Cal. Nov. 28, 2016) ("[A]s the Ninth Circuit Court of Appeals

has observed, an ALJ may synthesize and translate assessed limitations into an RFC assessment … without repeating each functional limitation verbatim in the RFC assessment or hypothetical." (citing Stubbs-Danielson, 539 F.3d at 1173-74)).

Here, where the medical evidence states that social interactions cause Plaintiff's difficulties with maintaining composure, and the RFC limits Plaintiff's work-related social interactions to avoid all public contact, the ALJ reasonably translated the medical evidence in formulating the RFC. This is particularly true where Dr. Belen concluded that Plaintiff had "mild" and "moderate" psychological limitations, which "do not have to be exactly mirrored in the RFC determination." Phillips v. Colvin, 61 F. Supp. 3d 925, 939-40 (N.D. Cal. 2014); Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) ("We have not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation.").

Plaintiff argues that "no medical source has found that a limitation in maintaining composure and temperament is adequately addressed by a limitation to non-public, simple and routine tasks." (JS at 14.) This Court disagrees. A fair reading of Dr. Belen's report is that social interactions sometimes cause Plaintiff to lose his composure, such that limiting his social interactions addresses this difficulty. AR 1034-37. As emphasized above, the ALJ is responsible for translating medical opinions into an RFC, and here that translation is supported by substantial evidence.

**C.      The RFC Reasonably Accounts for Plaintiff's Mild Difficulties in Maintaining Attendance and Coping with Usual Workplace Stress.**

Dr. Belen found that Plaintiff would have "mild" limitation completing a normal workday or workweek due to his mental condition and "mild" limitations handling "the usual stresses, changes and demands of gainful employment." AR 1037. Plaintiff argues that since regular attendance and coping with "usual

stresses" are components of all jobs, the ALJ was required to (1) give specific legitimate reasons for rejecting these medical opinions, (2) incorporate restrictions addressing these limitations into the RFC, or (3) find Plaintiff disabled. (JS at 7-9.)

The ALJ clearly accepted Dr. Belen's opinions and stated that he intended to "incorporate" them into the RFC. AR 20. Plaintiff argues that he did not actually do so, but again fails to identify what sort(s) of restrictions would address these mild limitations. (JS at 9.)

Regarding workplace stress, the RFC ensures that Plaintiff will not be subjected to "the usual stresses, changes and demands of gainful employment." AR 1037. Rather, by limiting Plaintiff's potential work to tasks that are simple, routine, and conducted in a non-public space, the ALJ reduced several of the most significant workplace stressors below the level present in a "usual" workplace. AR 16. This restriction, therefore, adequately accounts for Dr. Belen's finding of mild difficulty.

Regarding attendance, in Turner v. Berryhill, 693 F. App'x 722, 722 (9th Cir. 2017), the Ninth Circuit ruled that the "ALJ's decision not to include an attendance-based limitation in Turner's [RFC] assessment was supported by substantial evidence," despite the ALJ's having accepted the opinions of a medical source who found that Turner had "moderate" limitations maintaining regular attendance. That medical source, however, "did not specify that Turner's difficulties with attendance would lead him to miss a certain number of days of work each month or would otherwise undermine his ability to work." Id. at 722. The RFC also limited Turner to non-public work, and thereby "mitigated against the kinds of stressors likely to aggravate Plaintiff's mood and anxiety disorders and cause absenteeism." Turner v. Colvin, 15-cv-0020-KES, 2015 U.S. Dist. LEXIS 131772, at *13 (C.D. Cal. Sep. 29, 2015).

The result is the same here. The RFC adequately accounts for Dr. Belen's opinion that Plaintiff would have "mild" difficulty maintaining regular attendance

because (1) she did not specify that this difficulty would lead Plaintiff to miss a certain number of days of work each month or would otherwise undermine his ability to work, and (2) by limiting Plaintiff to simple, routine, non-public work, the RFC mitigates against the kinds of stressors likely to aggravate Plaintiff's mood disorder and cause absenteeism.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: January 04, 2018

_____
KAREN E. SCOTT
United States Magistrate Judge